DetCo, Inc. v. Connell 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-376-CV





DETCO, INC.,



 APPELLANT


vs.





MARK S. CONNELL,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 138,347-B, HONORABLE DON V. HAMMOND, JUDGE PRESIDING


 




PER CURIAM

 This appeal and the appeal in DetCo, Inc. v. Tryharder, Inc., No. 3-93-385-CV
(Tex. App.--Austin) arise out of an underlying dispute in which there currently is no final,
appealable judgment. (1) The district court severed two causes from the underlying dispute, this
appeal and the appeal in cause number 3-93-385-CV, but the record does not reflect that the two
severed causes were assigned new cause numbers as the district court ordered. Appellant DetCo,
Inc., attempted to perfect an appeal in both this appeal and the appeal in cause number
3-93-385-CV by filing a single cost bond and transcript.

 On July 27, 1993, the Clerk of this Court wrote DetCo and informed it that the
Court considered the filing of the single cost bond to be a bona fide attempt to perfect both
appeals. The Clerk directed DetCo to file in his office by August 26, 1993, two supplemental
transcripts, one containing an amended cost bond in this appeal and one containing an amended
cost bond in cause number 3-93-385-CV. The Clerk informed DetCo that each amended cost
bond should reflect the properly severed district-court cause number. DetCo's brief was due on
August 20, 1993; to date no brief or motion for extension of time has been filed.

 DetCo wrote the Clerk of this Court on September 13, 1993, and admitted that
neither of the two severed causes contain final appealable judgments because the issue of
attorney's fees has not been resolved. DetCo asks that we allow this appeal to pend until DetCo
can schedule a hearing on attorney's fees and obtain an order from the trial court that would
convert the partial summary judgment into an appealable final judgment. While Texas Rule of
Appellate Procedure 58(b) does allow supplementation of the record to cure a premature appeal,
the purpose of the rule is to allow an appellant to take steps such as filing a nonsuit against
someone who is not a party to the trial court's judgment. An appellant should not use Rule 58(b)
to "abate" an appeal during trial-court hearings on the merits of the underlying case.

 The appeal is dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: October 6, 1993

Do Not Publish
1. Detco, Inc. v. Ted C.Connell; Margaret D. Connell; Ace M. Connell; The Silver Quail Co.;
The Wildflower Co.; M.S. & C. Realty, Inc.; Friendly Travel Services of Killeen, Inc.; Kwik Used
Cars, Inc.; Connell Chevrolet, Inc.; Connell Chrysler Plymouth, Inc.; Prestige Pontiac,
Oldsmobile, Cadillac, GMC Truck, Inc.; Dodge Country, Inc.; Rio Grande Valley Land
Development Co., Inc.; Patsy Barnes; A.W. Smith; Killeen Aero, Inc.; Centroplex
Communications, Inc.; Gaylon Christie; Rio Grande Land Development Company; Grand
Chevrolet Company; Dean Adamson; Alton Heiner; Jay C. Evans; Carroll N. Sullivan, Jr.;
Dwight Ramey; Paul Goode; Jack Barnes; Glinda Lennox; Randall Noe; T C & E Realty, Inc.;
Ted C. Connell as Trustee of the Margaret D. Connell 1988 Trust; Mark S. Connell 1988 Trust;
Carol Juanette Bressler 1988 Trust; April Connell 1988 Trust; Chad Connell 1988 Trust; Bradley
Bressler 1988 Trust; Brian Bressler 1988 Trust; Sue Jane Connell 1988 Trust; and Stephen
Bressler 1988 Trust, No. 138,347-B (146th Dist. Ct., Bell County, Tex.).